IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-38-FL

| | | |
|---|---|---|
| JOYCE AND HAROLD LONEY, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER AND |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Also before the undersigned are the following: (1) First Amended Action of Trespass and Trespass on the Case [DE-9]; (2) First Amended Action to Add Additional Claims [DE-10]; (3) File on Demand with the Clerk's Office [DE-13]; (4) Writ of Corum [DE-14]; (5) Proposed Summonses [DE-15]; and (5) Notice of Removal of the Above Entitled Case to The De Jure Superior United States, Eastern District [DE-16]. Having reviewed the application to proceed *in forma pauperis*, Plaintiffs have demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint, the proposed amended complaints, and Plaintiffs' additional filings pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that the case be dismissed for the reasons stated below.

## I. STANDARD OF REVIEW

After allowing an application to proceed *in forma pauperis*, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal

2

quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiffs are proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiffs assert multiple counts of "trespass on the case" against numerous defendants.[1] Compl. [DE-1-1]. Plaintiffs allege that Defendants acted without jurisdiction to deprive Plaintiffs of their civil rights, specifically that

> [e]ach counter-defendant exceeded its jurisdiction under color of law by either directly or through an agent, or in concert with another, in an attempt to unlawfully and forcefully commit an act for the purpose of retaliating against counterclaimants for daring to enforce claimants' natural and constitutional rights

---

[1] The undersigned has reviewed Plaintiffs' proposed amended complaints and additional filings, which do not differ materially from the original Complaint.

3

> without jurisdiction or good cause. These acts occurred without jurisdiction under color of law in direct violation of 18 USC 241, Conspiracy against rights, and 18 USC 242, deprivation of rights under color of law. Defendants worked in unison to hinder the due process of law and to commit a fraud upon the court for the purpose of said vindictive prosecution of claimants Loney under color of law infringing on claimant's rights.

*Id.* at 2–3 ¶ 2. While Plaintiffs' allegations are difficult to decipher, they relate primarily to a vehicle loan Plaintiffs obtained from Defendant USAA. *Id.* at 8–9 ¶ 33. Plaintiffs contend that USAA would not provide them with a copy of the loan and increased the interest rate without Plaintiffs' agreement or any written notifications. *Id.* Plaintiffs allege that USAA began calling them multiple times per day in November of 2014, despite the fact that Plaintiffs revoked permission for USAA to contact them by telephone. *Id.* at 10 ¶ 35. Then in June 2015, Defendant AAR attempted to repossess the vehicles secured by the loan with USAA, and in the process, breached the peace by yelling and threatening Plaintiffs, cutting a locked farm gate, and spilling hydraulic fluid on Plaintiffs' property. *Id.* at 12 ¶¶ 42–43. Plaintiffs filed suit in February 2015 against USAA in state court, alleging violations of several federal consumer protection statutes. *Id.* at 10 ¶ 36. USAA removed the case to federal court, and requested that the case be stayed pending arbitration. *Id.* at 10 ¶¶ 36–37. In October 2015, USAA was granted an arbitration award of $87,626.58 against Plaintiffs, which Plaintiffs tried to appeal. *Id.* at 13 ¶¶ 47–48. Plaintiffs then filed for bankruptcy. *Id.* at 13 ¶ 49.

Plaintiffs seek monetary damages, including treble damages, declaratory relief, and permanent injunctive relief. *Id.* at 14–17. Specifically, Plaintiffs seek dismissal of case number 1:15-CV-292 for lack of jurisdiction, dismissal of the bankruptcy case, and that the court "release judgment award" and "enter judgment vacating all orders and motions brought before the inferior court of no record." *Id.* Additionally, Plaintiffs seek an order from the court

4

Case 7:17-cv-00038-FL   Document 17   Filed 09/20/17   Page 4 of 7

determining "that all orders submitted by the [Magistrate Judge] Webster, [J]udge Jolly, [J]udge Klass and [J]udge Eagles are hereby void and invalid . . . ." [DE-10] at 18 ¶ 98.

Plaintiffs seek dismissal of case number 1:15-CV-292, a case filed by Plaintiff Joyce Loney in the Surry County Superior Court and removed to the Middle District of North Carolina. *See Loney v. USAA Federal Savings Bank*, No. 1:15-CV-292, Petition for Removal [DE-1] (M.D.N.C. Apr. 3, 2015). In that action, Plaintiff Joyce Loney alleged violations of various federal consumer protection statutes against defendant USAA. *Id.* Compl. [DE-3]. The court in that case confirmed the arbitration award against Plaintiffs [DE-44] and entered a pre-filing injunction against Plaintiff Joyce Loney, enjoining her from suing USAA Federal Savings Bank, its officers and directors, and its lawyers, including any individual lawyers from the law firm Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., in any federal court [DE-43]. Plaintiffs have named several of these entities and individuals as defendants in the instant action, in violation of the pre-filing injunction entered by the Middle District of North Carolina against Plaintiff Joyce Loney. In any event, however, the case is subject to dismissal because Plaintiffs are asking this court to set aside judgments entered by other federal district courts. This court has no jurisdiction to set aside or alter those judgments—Plaintiffs must appeal those judgments to the proper United States Court of Appeals. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court."). Indeed, "[o]ne district court should not review the decision of another district court." *Harper v. Trans Union, LLC*, No. Civ.A. 04-3510, 2005 WL 697490, at *2 (E.D. Pa. Mar. 24, 2005) (citing *Green v. Citigroup, Inc.*, 68 F. App'x 934, 936 (10th Cir. 2003) ("It is axiomatic that one district court has no jurisdiction to review the decision of another district court.")). The Supreme Court has made

5

clear that "it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (internal quotation marks, alterations, and citations omitted). Accordingly here, where Plaintiffs ask this court to set aside the judgments of two other federal courts, this court lacks jurisdiction to take such an action and it is recommended that the case be dismissed.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that the case be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiffs. You shall have until **October 4, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar

you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This the 20th day of September 2017.

Robert B. Jones, Jr.
United States Magistrate Judge