FILED

SEP 2 0 2017

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# IN THE UNITED DISTRICT COURT
# DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Joyce Loney ) | **FILE ON DEMAND** |
| Harold Loney ) | |
| ) | Case # 7:17-cv-38-FL |
| Claimantclaimants ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF NORTH CAROLINA ) | **CAUSES OF ACTION FOR TRESPASS** |
| USAA FEDERAL SAVINGS BANK ) | |
| STUART PARKER ) | **TRESPASS ON THE CASE** |
| MARK SCHRON ) | |
| JANIS REEDER ) | |
| BROOKS PIERCE LAW FIRM ) | |
| REID PHILLIPS ) | |
| MATTHEW TYNAN ) | |
| EDWIN WEST ) | |
| MIDDLE DISTRICT COURT ) | |
| JOE WEBSTER ) | |

CATHERINE EAGLES
STEPHINE HUMBRICKHOUSE
BRUNSWICK COUNTY SUPERIOR COURT
JERRY JOLLY
JAMES MACCALLIUM
DAVIDSON COUNTY SUPERIOR COURT
DAVIDSON COUNTY
MARKEY E. KLASS
BRIAN SHIPWASH
JOHN BRUBAKER
AMERICAN ARBITRATOR ASSOCIATION
JAMES F. PETELLE
ASSOCIATES ASSET RECOVERY
TAMMY REASON
JONATHAN REICH
PATRICK SPRAUGH
WOMBLE, CARLYLE, SANDRIDGE & RICE
      Counterdefendants

Actions for Trespass,          Joyce Loney and Harold Loney

Actions for Trespass on the Case         v.

                 USAA FEDERAL SAVINGS, BANK et. al.

## FIRST CAUSE OF ACTION – TRESPASS

### PARTIES

1. COMES NOW, Joyce Loney and Harold ("Loney") a people of sound mind of North Carolina, hereinafter claimants, in this court of record and complains of each of the following: State of North Carolina, ("corporation 1"); Middle District Court, ("corporation 2"); Brunswick County Superior Court, ("corporation 3"); Davidson County Superior Court, ("corporation 4"); Surry County Superior Court, ("corporation 5"); USAA Federal Savings Bank, ("corporation 6"); Stuart Parker, ("Parker"); Mark Schron, ("Schron"); Janis Reeder, ("Reeder"); Brooks Pierce Law Firm, ("Brooks Pierce"); Reid Phillips, "(Phillips"); Matthew Tynan, ("Tynan"); Edwin West, ("West"); American Arbitration Association, ("AAA") ("corporation 7"); James Petelle, ("Petelle"); Joe Webster, ("Webster"); Catherine Eagles, ("Eagles") Stephine Humbrickhouse, ("Humbrickhouse"); Associates Asset Recovery, ("AAR") ("corporation 8"); Womble Caryle LLC, ("Womble Caryle"); Tammy Reason, ("Reason"); Jonathan Reich, ("Reich"); Patrick Spraugh, ("Spraugh"); Brian Shipwash, ("Shipwash"); Marky Klass, ("Klass"); Jerry Jolly (Jolly); John Brubaker, ("Brubaker"); James MacCallium, ("MacCallium"); hereinafter counter-defendants and co-conspirators, who are each summoned to answer said action in a plea of trespass and trespass on the case to wit:

### INTRODUCTION

2. Each counter-defendant exceeded its jurisdiction under color of law by either directly or through an agent, or in concert with another, in an attempt to unlawfully and forcefully commit an act for the purpose of retaliating against counterclaimants for daring to enforce claimants' natural and constitutional rights without jurisdiction or good cause. These acts occurred without jurisdiction under color of law in direct violation of 18 USC 241, Conspiracy against rights, and 18 USC 242, deprivation of rights under color of law. Defendants worked in unison to hinder the

Actions for Trespass,  
Actions for Trespass on the Case

Joyce Loney and Harold Loney

v.

USAA FEDERAL SAVINGS, BANK et. al.

due process of law and to commit a fraud upon the court for the purpose of said vindictive prosecution of claimants Loney under color of law infringing on claimant's rights.

3. These actions includes counterdefendants who are employed by defendant corporation 6, 7 and 8 and/or subdivision of corporation 1 who acted under color of law. It also includes defendants employed by corporation 6,7 and 8 or a subdivision of corporation 6 who acted under color of law. Damages far exceed $150,000.00. Not only have federal statutes been violate, but claimant's Constitutional rights have been violated.

Basso v. Utah Power & Light Co., 495 F 2d 906, 910; Joyce v. US, 474 F2d 215; Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962); Rosemond v. Lambert, 469 F2d 416; Latana v. Hopper, 102 F. 2d 188; Melo v. United States, 505 F. 2d 1026 Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608; Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828) Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409

4. This action is a direct challenge to the jurisdiction of the counterdefendants named herein.

5. At all times mentioned In this action at law, each defendant is the agent of the other, and in doing the act alleged in this action, each is acting in course and scope of said agency. The following paragraphs describe what the defendants, under color of law, either acted or failed to act as obligated.

6. The state of North Carolina is established by the people with the republican[1] form of government as guaranteed by Article IV, Section 4 of the Constitution for the United States of America.

---

1 Republican government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.]

| | |
|---|---|
| Actions for Trespass, | **Joyce** Loney and Harold Loney |
| Actions for Trespass on the Case | v. |
| | USAA FEDERAL SAVINGS, BANK et. al. |

7. Each counterdefendants agent exceeded its jurisdiction under color of law. Each counterdefendants acted in concert with the remaining all counterdefendants to effect the unlawful loss of liberty, due process of law, causing extreme mental anguish.

8. The inferior court exceeded its jurisdiction when it ordered counterclaimant, one of the people, into the inferior court in the case Loney v. USAA FSB # 1:15-CV-292.

9. THE STATE OF NORTH CAROLINA is a corporation operated by North Carolina. "The government, by becoming a corporator, lays down its sovereignty so far as respects the transactions of the corporation, and exercises no power or privilege which is not derived from the charter. " *Bank of United States v. Planters' Bank of Georgia*, 22 U.S. 9 Wheat. 904 904 (1824) The inferior court is a subdivision of said corporation.

10. North Carolina was established as a republican state "in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." *In re Duncan*, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; *Minor v. Happersett*, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627. Black's Law Dictionary, Fifth Edition, p. 626

> Imprison: To confine a person or restrain his liberty in any way. Black's Law Dictionary, 5th Edition Imprisonment: ...it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Black's Law Dictionary, 5thEditionClaimant is not a U.S. Citizen, U.S. person[2] or corporation. Claimant is a non-citizen national of the united States of America, a people on the land.

---

[2]The word "person" in legal terminology is perceived as a general word which normally includes in its scope a variety of entities other than human beings. Church of Scientology v. U.S. Dept. of Justice 612 F. 2d 417, 425 (1979)

| | |
|---|---|
| Actions for Trespass, | **Joyce** Loney and Harold Loney |
| Actions for Trespass on the Case | v. |
| | USAA FEDERAL SAVINGS, BANK et. al. |

1. Counterclaimant's rights of due course[3] of law and constitutional[4] rights have been violated.

11. "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." *Main v. Thiboutot*, 100 S. Ct. 2502 (1980).

12. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." *Basso v. Utah Power & Light Co.*, 495 F 2d 906, 910.

13. "There is no discretion to ignore that lack of jurisdiction." *Joyce v. US*, 474 F2d 215.

14. "The burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert*, 469 F2d 416.

15. "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Latana v. Hopper*, 102 F. 2d 188; *Chicago v. New York*, 37 F Supp. 150.

16. "No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." *Middleton v. Low* (1866), 30 C. 596, citing *Prosser v. Secor* (1849), 5 Barb.(N.Y) 607, 608.

---

3   Due process of law is process according to the law of the land . . . . . . .
    Due process of law in the latter [the Fifth Article of Amendment to the
    Constitution) refers to that law of the land which derives its authority
    from the legislative powers conferred upon Congress by the Constitution of
    the United States, exercised within the limits therein prescribed and
    interpreted according to the principles. of the common law .... Mr. Justice
    Matthews, delivering the opinion of the court in Hurtado v. California, 110
    U.S. 516, 3 Sup. Ct. 111,292,28 L. Ed. 232 (1884).]
4   Constitution extends to equal protection of the laws to people, not to interest. Taylor vs McKeithen, 499 F.2d 893, C.A. La 1974. A constitution is designated as a supreme enactment, a fundamental act of legislation by the people of the state. A constitution is legislation direct from the people acting in their sovereign capacity, while a statute is legislation from their representatives, subject to limitations prescribed by the superior authority. See: Ellingham v. Dye, 178 Ind. 336; 99 NE 1; 231 U.S. 250; 58 L. Ed. 206; 34 S. Ct. 92; Sage v. New York, 154 NY 61; 47 NE 1096.

Actions for Trespass,                                **Joyce Loney and Harold Loney**

Actions for Trespass on the Case                                    v.

                                                    **USAA FEDERAL SAVINGS, BANK et. al.**

17. "Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are regarded as binding in every other court. But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliott v Peirsol*, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828).

18. Counterclaimants are not U.S. Citizens, U.S. person[5] or corporation. Counterclaimants are a non-citizen national of the united States of America, a people on the land.

19. Counterclaimant's rights of due course[5] of law and constitutional[6] rights have been violated.

20. "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." *Dillon v. Dillon*, 187 P 27.

21. Counterefendants owe claimant a duty to secure his Constitutional rights and cannot violate them and secure them at the same time.

22. "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in

---

[5] Due process of law is process according to the law of the land ........ Due process of law in the latter [the Fifth Article of Amendment to the Constitution) refers to that law of the land which derives its authority from the legislative powers conferred upon Congress by the Constitution of the United States, exercised within the limits therein prescribed and interpreted according to the principles. of the common law .... Mr. Justice Matthews, delivering the opinion of the court in Hurtado v. California, 110 U.S. 516, 3 Sup. Ct. 111,292,28 L. Ed. 232 (1884).]

[6] Constitution extends to equal protection of the laws to people, not to interest. Taylor vs McKeithen, 499 F.2d 893, C.A. La 1974. A constitution is designated as a supreme enactment, a fundamental act of legislation by the people of the state. A constitution is legislation direct from the people acting in their sovereign capacity, while a statute is legislation from their representatives, subject to limitations prescribed by the superior authority. See: Ellingham v. Dye, 178 Ind. 336; 99 NE 1; 231 U.S. 250; 58 L. Ed. 206; 34 S. Ct. 92; Sage v. New York, 154 NY 61; 47 NE 1096.

| Actions for Trespass, | Joyce Loney and Harold Loney |
|---|---|
| Actions for Trespass on the Case | v. |
| | USAA FEDERAL SAVINGS, BANK et. al. |

the first instance." *Rescue Army v. Municipal Court of Los Angeles*, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

23. The Federal Rules of Civil Procedure are the rules of the above entitled court. The rules shall be construed and administered to secure the just, speedy, and inexpensive determination of this action.

24. Counterclaimants moves this court of record to dismiss this case for lack of jurisdiction of the inferior court.

25. Counterdefendants claims to be a holder of a note but will not produce it.

26. Counterdefendants has not shown anything tendered in consideration of the original promissory notes and has has refused numerous request to produce it. Since only gold and silver may be tendered in consideration of debts only gold and silver may be tendered in exchange of a promissory note. To create said debt, bank merely made a ledger entry.

27. Counterdefandts attempted to interfer without due process.

28. Counterdefendant ("USAA") involved its attorneys in Counterdefendant's scheme or artifice to defraud counterclaimants out of money and property by misrepresenting interest rates, liability or an agreement as a consumer debt between counterdefendants and counterclaimants. Counterdefendents furthered by sending correspondence via mail and wire communications.

29. Counterdefendants insist on continuing the hearing eventho jurisdiction is challenged and the corporations do not have counterclaimant's permission to proceed with the hearing under color of law. In so doing, Counterdefendants are conspiring with Counterdefendants without jurisdiction under color of law.

30. Counterdefendants ("USAA") and their attorneys involved all other Counterdefendant's to scheme or artifice to accuse and defraud counterclaimants by misrepresenting a liability of a consumer debt between counterdefendants and counterclaimants to avoid ""being forced to produce the notes." Counterdefendants exceeded its jurisdiction by sending orders and correspondences via mail and wire communications via color of law furthering

| Actions for Trespass, | **Joyce Loney and Harold Loney** |
|---|---|
| Actions for Trespass on the Case | v. |
| | **USAA FEDERAL SAVINGS, BANK et. al.** |

counterdefendants scheme or artifice to defraud counterclaimants of money.

> "Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are regarded as binding in every other court. But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliott v Peirsol*, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828

1. "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652;

2. People are not persons and excluded from status that employ the term person or persons. "This word 'person' and its scope and bearing in the law, involving, as it does, legal fictions and also apparently natural beings, it is difficult to understand; but it is absolutely necessary to grasp, at whatever cost, a true and proper understanding to the word in all the phases of its proper use ... A person is here not a physical or individual person, but the status or condition with which he is invested ... not an individual or physical person, but the status, condition or character borne by physical persons ... The law of persons is the law of status or condition." – American Law and Procedure, Vol 13, page 137, 1910.

3. Due course of law," supra, is synonymous with "due process of law" and means process according to the law of the land, i.e., the Constitution, interpreted according to the principles of the common law; to wit: "Due process of law is process according to the law of the land...." Mr. Justice Matthews, delivering the opinion of the Court in Hurtado v. California, 110 U.S. 516, 533, 3 Sup. Ct. 111, 292, 28 L. Ed. 232 (1884). "Due process of law ... refers to that law of the land which derives its authority from the legislative powers conferred upon Congress by the Constitution of the United States, exercised within the limits therein prescribed and interpreted according to the principles of the common law...".

## SECOND CAUSE OF ACTION – TRESPASS ON THE CASE

31. Paragraphs 1 through 30 are incorporated as though fully stated herein.

At all times mentioned in this action, each counter-defendant is the agent of the other, and in doing the act alleged in this action, each is acting in course and scope of said agency. The following paragraphs describe what the counter-defendants, under color of law, either acted or failed to act as obligated.

32.. Each of the counterdefendants exceeded their jurisdiction under color of law. Each counterdefendants acted in concert with the remaining counterdefendants to effect the unlawful loss of liberty, due process of law, property of counterclaimants.

33. Each of the counterdefendants acted in such a way, or failed to act in such a way, that counterclaimants have been deprived of liberty, reputation, and right of due process of law. Counterclaimants was approved for a vehicle loan from counterdefendants ("USAA") for $32,000 at 7%, counterdefendants ("USAA") refused to furnish counterclaimants hard copy of

Actions for Trespass,                                    **Joyce** Loney and Harold Loney

Actions for Trespass on the Case                                    v.

                                                         USAA FEDERAL SAVINGS, BANK et. al.

either promissory note with loan with signatures and counterdedendants increased the interest rate without counterclaimants agreeing to it or seeing any notifications in writing. Counterclaimants has made (7) seven request per UCC §-3-401 for validation of auto loans and UCC § 3-302 as the Holder in Due Course of credit card loans from counterdefendants ("USAA") and their legal agents counterdefendants ("Phillips") and ("Tynan") their response has been that counterclaimants was harassing their client. Breaching the Contract.

1. At implementation of the Constitution March 4, 1789, the soul of law in America was personal liberty under the common law; to wit; "Personal liberty consists in the power of locomotion, of changing situation, of removing one's person to whatever place one's inclination may direct, without imprisonment or restraint unless by due course of law." William Blackstone and John Innes Clark Hare, cited in John Bouvier, Bouvier's Law Dictionary, Third Revision (Being the Eighth Edition), revised by Francis Rawle (West Publishing Co.: St. Paul, Minn., 1914) (hereinafter "Bouvier's"), p. 1965 (s.v. "Liberty").

### THIRD CAUSE OF ACTION – TRESPASS ON THE CASE

Paragraphs 31 through 33 are incorporated as though fully stated herein.

34. On or about September 21, 2015 counterdefendants ("Tynan") placed a telephone call to counterclaimants coercing counterclaimants to trade the two vehicle promissory notes from counterdefendants ("USAA") in exchange for counterclaimants to dismiss all claims, knowing counterclaimants had never received the original promissory notes. Counterclaimants refused and counterdefendants ("Tynan") stated in court records that counterclaimants told him that counterclaimants was only going after his clients deep pockets. This was a false statement by counterdefendants("Tynan") with no proof and he has used it through out the lawsuit to make false statements against counterclaimants. Counterdefendants wanted to deprive counterclaimants of their right to defend themselves against scrupulous harrassing debt collectors and when counterclaimants defended themselves in a lawsuit, all counterdefendants criticized counterclaimants to look bad in all of their documents

1. In our country the people are sovereign and the Government cannot sever its relationship to the people by taking away their citizenship. Our Constitution governs us and we must never forget that our Constitution limits the Government to those powers specifically

| Actions for Trespass, | **Joyce Loney and Harold Loney** |
|---|---|
| Actions for Trespass on the Case | **v.** |
| | **USAA FEDERAL SAVINGS, BANK et. al.** |

granted or those that are necessary and proper to carry out the specifically granted ones. (emphasis added) AFROYIM v. RUSK, 387 U.S. 253 (1967) But be that as it may, there is no such thing as a power of inherent sovereignty in the government of the United States. It is a government of delegated powers, supreme within its prescribed sphere, but powerless outside of it. In this country, sovereignty resides in the people, and congress can exercise no power which they have not, by their constitution, entrusted to it; all else is withheld. LEGAL TENDER CASES, 110 U.S. 421 (1884) (Also referred to as Julliard v. Greenman)

## **FOURTH CAUSE OF ACTION – TRESPASS ON THE CASE**

Paragraphs 34 is incorporated as though fully stated herein.

35. On or about the beginning of November 2014 counter-defendant ("USAA") started calling counterclaimants numerous times daily. Counterclaimants revoked counterdefendants ("USAA") permission to call counterclaimantslaimants cellular telephones or landline telephones. Counterdefendants ("USAA") was notified by fax, telephone and certified letters to stop calling. Counterdefendants ("USAA") ignored counterclaimants request and continued to call for a total of 271 telephone calls to counterclaimants telephones in a 60 day time frame. Forty seven (47) of those calls were after placed after 9pm. Violating the TCPA act for treble charges. Counterdefendants ("Schron") confirmed the calls were made in the presence of counterdefendants ("Phillips) ("Tynan") and ("Patel").

## **FIFTH CAUSE OF ACTION – TRESPASS ON THE CASE**

Paragraphs 35 is incorporated as though fully stated herein.

36. On or about February 25, 2015, Claimant filed an action against Counter-defendant ("USAA") in local State Court for TCPA, FCRA, FDCPA, and TILA and demanded a jury trial. counterdefendants ("USAA") removed this case to Federal Court. Jury trial was denied.

37. On or about April 2015 counterdefendants ("USAA") moved to stay the action pending the outcome of the ("AAA") Arbitration.

Actions for Trespass,   **Joyce** Loney and Harold Loney

Actions for Trespass on the Case   v.

   USAA FEDERAL SAVINGS, BANK et. al.

38. Counterdefendants ("AAA"), ("Patel") awarded counterdefendants triple charges on an arbitration award knowing that they did not have jurisdiction of conterclaimants and illegally changed the arbitration contract from consumer to commercial increasing the fee from the original contract with the knowledge of counterdefendants of ("USSS"), ("Phillips"), ("Tynan") and supported by all counterdenants including the courts. Counterclaimants discovered later under counterdefendants ("USAA") Bank Depository Agreement and Disclosures, JAMS arbitration was available to counterclaimants. Counterdefendants ("USAA"), ("Phillips") and ("Tynan") knowingly and willfully withheld this information from counterclaimants. Counterclaimants attempted to withdraw arbitration from "AAA" and enter with JAMS, counterdefendants strongly objected and denied this service to counterclaimants.

39. The act appeared to be intended to coerce and intimidate a civilian population to affect the policy of the corporations sitting as government by intimidation and coercion.

40. As previously stated, claimants are not U.S. citizen, but are people and non-citizen nationals owing allegiance to the United States of America.

41. For clarification, in this action at law the United States of America, U.S.A. or continental refers to that entity created by the Constitution for the United States of America and governed under the common law[7] as guaranteed by the Constitution for the United States of America. United States or U.S. refers to the United States federal corporation[8] created by an act of Congress in 1871[9] that is only permitted to operate within the territorial boundaries of Washington DC, Puerto Rica, Gaum and other territories obtained outside the several states, and outposts within the states that have been approved for transfer from the states to the federal government

## SIXTH CAUSE OF ACTION – TRESPASS ON THE CASE

---

[7] Due process of law is process according to the law of the land ...... Due process of law in the latter [the Fifth Article of Amendment to the Constitution) refers to that law of the land which derives its authority from the legislative powers conferred upon Congress by the Constitution of the United States, exercised within the limits therein prescribed and interpreted according to the principles of the common law .... Mr. Justice Matthews, delivering the opinion of the court in Hurtado v. California, 110 U.S. 516, 3 Sup. Ct. 111,292,28 L. Ed. 232 (1884).]

[8] 28 USC § 3002 (15) "United States means – (A) a federal corporation

[9] The District of Columbia Act of 1871, Chapter 62, 16 Statutes at Large, 419

Actions for Trespass,      **Joyce Loney and Harold Loney**

Actions for Trespass on the Case      v.

    **USAA FEDERAL SAVINGS, BANK et. al.**

Paragraphs 30-41 is incorporated as though fully stated herein.

42. On June 09, 2015 at 4:30 am counterdefendants ("AAR") thru the direction of it's owner counterdefendants ("Reason") and counterdefendants ("USAA") cut a locked gate on a farm with live animals, donkey and horses wandering around and attempted to repossess vehicles. Counterdefendants collector did not present an ID or any papers from the bank and the bank never presented any papers for repossession, counterdefendants were very argumentative and the man was in the face of the female counterclaimants nose to nose yelling, threatening and demanding, breaching the peace. Counterclaimants objected because the automobiles were included in the lawsuit and arbitration.

### SEVENTH CAUSE OF ACTION – TRESPASS ON THE CASE

Paragraphs 42 is incorporated as though fully stated herein

43. On June 09, 2015 at 7:30 am counterdefendants ("AAR") under the direction of counterdefendants ("USAA") and ("Reason") returned for the second time after begin told earlier they were breaching the peace. Counterdefendants again cut a locked gate on a farm with live animals, donkey and horses wandering around and attempted to reposses the vehicles. The second truck spilled hydraulic fluid for appx. 400 ft on the driveway that flows in a lake. Those counterdefendants (2) repo guys parked outside of the driveway yelling profanity and giving finger gestures. NO TRESPASS SIGNS everywhere.

### EIGHTH CAUSE OF ACTION – TRESPASS ON THE CASE

Paragraphs 43 is incorporated as though fully stated herein

44. Counterlaimants filed cyberstalking lawsuit against counterdefendants ("Phillips") and ("Tynan"). Counterdefendants Judge ("Jolly") found in favor of counterdefendents and sanctioned counterclaimants for $2,700 attorney fees. Counterdefendants ("West") representing.

Actions for Trespass,  
Actions for Trespass on the Case

**Joyce** Loney and Harold Loney

v.

**USAA FEDERAL SAVINGS, BANK et. al.**

the two attorneys requested and was granted by counterdefendants ("Jolly") a gatekeeper order restricting counterclaimants from filing anymore claims against counterdefendants.

45. Counterdefendants ("USAA"), ("Phillips") and ("Tynan") supported by all counterdefendants violated The cyberstalking statute, G.S. 14-196.3, actually proscribes four offenses, all of which are Class 2 misdemeanors. G.S. 14-196.3(d), by using counterclaimsants pictures and posting to harrass, embarras, slander, libel and to intimindate.

46. Countedefendats ("Patel") was extremely upset with counterclaimants for filing the wanting sanctions and issued warnings, knowing counterdefandants did not have jurisdiction over counterclaimants.

### NINTH CAUSE OF ACTION – TRESPASS ON THE CASE

Paragraphs 44-46 is incorporated as though fully stated herein

47. On October 26, 2015 counterdefendants ("AAA") award for arbitration was granted to Counterdefendants ("USAA"), ("Phillips") and ("Tynan") for a total of $87,626.58. Treble charges for credit cards accounts and other charges. Counterdefendants ("Petelle") dismissed all of counterclaimants even tho counterdefendants ("Petelle") acknowledged that counterdefendants did make the telephone calls to counterclaimants and this award was upheld, enforced by all counterdefendants including courts and judges.

48. October 26, 2015 Claimant entered a NOTICE OF APPEAL to counter-defendant ("AAA"), counter-defendant ("USAA") and the Courts. Counter-defendant ("AAA") changed the original arbitration contract from personal fee of $400 to commercial fee of $4,000 all counter defendants agreed to the change and denied Claimants chance for appeal.

### NINTH CAUSE OF ACTION – TRESPASS ON THE CASE

Paragraphs 47-48 is incorporated as though fully stated herein

49. Counterclaimants was forced to file Chapter 13 bankruptcy under duress.

### NINTH CAUSE OF ACTION – TRESPASS ON THE CASE

| | |
|---|---|
| Actions for Trespass, | **Joyce** Loney and Harold Loney |
| Actions for Trespass on the Case | v. |
| | USAA FEDERAL SAVINGS, BANK et. al. |

Paragraphs 49 is incorporated as though fully stated herein

50. Counterdefendants ("USAA") and counterdefendants judges and courts has a motion in court to enforce the award, for the US Marshalls to assist in enforcing, causing threats, intimidation of criminal contempt of court, arrest, imprisonment.

1. U.S. Constitution Article 1 Section 10, No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make anything but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility, and that evidence requires all foreign agents to register as such under FARA - Foreign Agents Registration Act.

2. Noting was tendered in consideration of the original promissory notes. Since only gold or silver may be tendered in consideration if debts. The bank merely made a ledger entry.

3. Plaintiff moves this Court to dismiss this case 1:15-CV-292 for lack of jurisdiction. We declare under penalty of perjury in the United States of America that the foregoing facts are true and correct to the best of my knowledge.

## REQUEST FOR RELIEF

51. For that cause of action therefore counterclaimants brings his suit.

52. WHEREFORE, counterclaimants requests relief and judgment against defendants as follows:

53. WHEREFORE, counterclaimants prays judgment against defendants, and each of them, as follows:

| | |
|---|---|
| Actions for Trespass, | **Joyce Loney and Harold Loney** |
| Actions for Trespass on the Case | v. |
| | **USAA FEDERAL SAVINGS, BANK et. al.** |

54. For First Cause of Action, $150,000.00 (dollars), and $1,500.00 per day through the day the issues before this court are settled.

55. For Second Cause of Action, $150,000.00 (dollars), and $1,500.00 per day through the day the issues before this court are settled.

56. For Third Cause of Action, $50,000 (dollars), and $1,500.00 per day through the day the issues before this court are settled.

57. For Fourth Cause of Action, TCPA calls 271 calls treble $406,500.00, and $1,500.00 per day through the day the issues before this court are settled.

58. For Fifth Cause of Action, $50,000.00, and $1,500.00 per day through the day the issues before this court are settled.

59. For Sixth Cause of Action, $30,000.00 for first trespass of repossession and $1,500.00 per day through the day the issues before this court are settled.

60. For Seventh Cause of Action, $30,000.00 for the second trespass of repossession and $1,500.00 per day through the day the issues before this court are settled.

61. For the Eight Cause of Action $30,000.00 for the second trespass and $1,500.00 per day through the day the issues before this court are settled.

62. For the Ninth Cause of Action. An award of $87,626.58 treble charges, total $262,879.74 and $1,500.00 per day through the day the issues before this court are settled.

63. That the court enter a declaratory judgment ordering the State of North Carolina and the United States and all its subdivisions, municipalities, counties townships,

Actions for Trespass,

Actions for Trespass on the Case

**Joyce Loney and Harold Loney**

v.

USAA FEDERAL SAVINGS, BANK et. al.

villages, towns or any other subdivision falling under the jurisdiction of North Carolina and/or the United States, Inc. to update its records removing claimants from their respective jurisdictions;

64. That the court enter a declaratory judgment that counterdefendants have acted contrary to constitutional right, power or privilege;

65. That the court enter a declaratory judgment the State of North Carolina to update its records removing counterdefendants "Loney" from its jurisdiction.

66. That the court enter a declaratory judgment that counterdedendants actions were in excess have acted contrary to constitutional right, power or privilege.

67. That the court enter a declaratory judgment that defendants actions were in excess of statutory jurisdiction, authority and short of statutory right;

68. That the court permanently enjoin defendants from interfering with counterclaimants' lawful right to its person, papers and property and lawful right of; that the court enter a judgment vacating all orders and motions brought before the inferior court not of record.

69. That the court dismiss the bankruptcy case brought before the inferior court not of record;

70. That the court release judgment award to prevent counterdefendants from interfering with claimants again.

71. That the court enter a judgment restoring records in court of record case # 1:15-CV-292.

72. That the court enter judgment vacating all orders and motions brought before the inferior court of no record.

| | |
|---|---|
| Actions for Trespass, | **Joyce Loney and Harold Loney** |
| Actions for Trespass on the Case | v. |
| | USAA FEDERAL SAVINGS, BANK et. al. |

73. That no further action can be taken against counterclaimants, but not limited to collections or repossession until settled in this court of record

74. That the court enter a declaratory judgment that counterdefendants actions were in excess were in excess of statutory jurisdiction, authority and short of statutory right;

75. That the court grant counterclaimants such other and further relief as the court deems proper;

76. For interest as allowed by law;

77. For cost of suit;

WE declare under penalty of perjury that the foregoing facts are true and correct to the best of our knowledge.

February 21, 2017 Brunswick County, North Carolina

*[Signatures: Joyce Loney 2/21/17 and Harold Loney 2/21/17]*

Joyce Loney
Harold Loney
c/o 4956 Long Beach Rd. SE
STE 14 PMB 362
Southport. NC [28461]

**Please serve Counterdefendants.**

**State of North Carolina**
Administration Department
Directors Officers
116 W. Jones ST #5106

**Catherine Eagles, Judge**
P.O. BOX 25670
RALEIGH, NC 27611

Actions for Trespass,

Actions for Trespass on the Case

**Joyce Loney and Harold Loney**

v.

**USAA FEDERAL SAVINGS, BANK et. al.**

Raleigh, NC 27603

| | |
|---|---|
| **USAA Federal Savings Bank**<br>10750 McDermott Freeway<br>San Antonio, TX 78288 | **Brunswick County Superior Court**<br>310 Government Center Dr NE #1,<br>Bolivia, NC 28422 |
| **Joe Webster**<br>US District Court<br>323 E. Chapel Hill Street<br>Durham, NC 27702 | **Jerry Jolly**<br>310 Government Center Dr NE #1,<br>Bolivia, NC 28422 |
| **James MacCallium**<br>310 Government Center Dr NE #1,<br>Bolivia, NC 28422 | **Superior Court Davidson County**<br>110 West Center St<br>Lexington, NC 27292 |
| **Stuart Parker, USAA CEO**<br>c/o USAA FSB<br>10750 McDermott Freeway<br>San Antonio, TX 78288 | **Markey E. Klass**<br>**Superior Court Davdison County**<br>110 West Center St<br>Lexington, NC 27292 |
| **Reid L. Phillips**<br>c/o BROOKS PIERCE<br>230 N. Elm St #2000<br>Greensboro, NC 27401 | **Brian Shipwash**<br>**Clerk Of Court**<br>110 West Center St<br>Lexington, NC 27292 |
| **Matthew Tynan**<br>c/o BROOKS PIERCE<br>230 N. Elm St #2000<br>Greensboro, NC 27401 | **Associates Asset Recovery LLC**<br>3601 E Palmetto St<br>Florence, SC 29506 |
| **Edwin West**<br>**BROOKS PIERCE**<br>230 N. Elm St #2000<br>Greensboro, NC 27401 | **Tammy Reason**<br>3601 E Palmetto St<br>Florence, SC 29506 |
| **American Arbitration Asociation**<br>950 Warren Avenue<br>East Providence, RI 02914 | **Patrick Spraugh**<br>One West Fourth Street<br>Winston Salem, NC 27101 |

Actions for Trespass,

Actions for Trespass on the Case

Joyce Loney and Harold Loney

v.

USAA FEDERAL SAVINGS, BANK et. al.

James F. Petelle
Insteel Boggs Dr
1373 Boggs Dr
Mount Airy, NC 27030

Andrew Schorn
c/o USAA FSB
10750 McDermott Freeway
San Antonio, TX 78288

Janis Reeder
c/o USAA FSB

10750 McDermott Freeway
San Antonio, TX 78288

Andrew Schorn
c/o USAA FSB
10750 McDermott Freeway
San Antonio, TX 78288

BROOKS PIERCE LAW FIRM
230 N. ELM ST # 200
GREENSBORO, NC 27401

WOMBLE CARYLE LLC
One West Fourth Street
Winston Salem NC 27101

Jonathan Reich, Attorney
One West Fourth Street
Winston Salem, NC 27101

John S. Brubaker
Clerk of Court Middle District
324 W. Market St
Greensboro, NC 27401

Actions for Trespass,

Actions for Trespass on the Case

Joyce Loney and Harold Loney

v.

USAA FEDERAL SAVINGS, BANK et. al.