IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-38-FL

| | | |
|---|---|---|
| JOYCE LONEY and HAROLD LONEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA; USAA FEDERAL SAVINGS BANK; STUART PARKER; MARK SCHRON; JANIS REEDER; BROOKS PIERCE LAW FIRM; REID PHILLIPS; MATTHEW TYNAN; EDWIN WEST; MIDDLE DISTRICT COURT; JOE WEBSTER; CATHERINE EAGLES; STEPHINE HUBRICKHOUSE; BRUNSWICK COUNTY SUPERIOR COURT; JERRY JOLLY; JAMES MACMALLIUM; DAVIDSON COUNTY SUPERIOR COURT; DAVIDSON COUNTY; MARKEY E. KLASS; BRIAN SHIPWASH; JOHN BRUBAKER; AMERICAN ARBITRATION ASSOCIATION; JAMES F. PETELLE; ASSOCIATES ASSET RECOVERY; TAMMY REASON; JONATHAN REICH; PATRICK SPRAUGH; and WOMBLE, CARLYLE, SANDRIDGE & RICE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before this court upon frivolity review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 631(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation

("M&R") wherein it is recommended that the court dismiss the case. (DE 17). Plaintiffs timely objected to the M&R, (DE 19), and defendants made no response.[1] In this posture, the issues presented are ripe for ruling. For the reasons that follow, the court adopts the recommendation and analysis in the M&R and dismisses plaintiffs' case. The court writes separately to address plaintiffs' objection that proceedings before the magistrate judge are void under law.

## BACKGROUND

The court incorporates, in part, section II of the M&R where incorporated portions accurately describe the case background.

> Plaintiffs assert multiple counts of "trespass on the case" against numerous defendants. Compl. [DE-1-1]. Plaintiffs allege that Defendants acted without jurisdiction to deprive Plaintiffs of their civil rights, specifically that
>
>> [e]ach counter-defendant exceeded its jurisdiction under color of law by either directly or through an agent, or in concert with another, in an attempt to unlawfully and forcefully commit an act for the purpose of retaliating against counterclaimants for daring to enforce claimants' natural and constitutional rights without jurisdiction or good cause. These acts occurred without jurisdiction under color of law in direct violation of 18 USC 241, Conspiracy against rights, and 18 USC 242, deprivation of rights under color of law. Defendants worked in unison to hinder the due process of law and to commit a fraud upon the court for the purpose of said vindictive prosecution of claimants Loney under color of law infringing on claimant's rights.
>
> *Id.* at 2-3 ¶ 2. While Plaintiffs' allegations are difficult to decipher, they relate primarily to a vehicle loan Plaintiffs obtained from Defendant [USAA Federal Savings Bank ("USAA")]. *Id.* at 8-9 ¶ 33. Plaintiffs contend that USAA would not provide them with a copy of the loan and increased the interest rate without Plaintiffs' agreement or any written notifications. *Id.* Plaintiffs allege that USAA began calling them multiple times per day in November of 2014, despite the fact that Plaintiffs revoked permission for USAA to contact them by telephone. *Id.* at 10 ¶ 35.

---

[1] Plaintiffs also lodged on the docket a document styled as "order to the clerk of court to perform specific duties[,]" (DE 18) and another document styled as a "writ of contempt[.]" (DE 20). These filings are frivolous where they sound as no filing authorized by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other provision of law. Accordingly the clerk is DIRECTED to STRIKE said filings from the docket and return same to plaintiffs by U.S. mail.

Then in June 2015, Defendant AAR attempted to repossess the vehicles secured by the loan with USAA, and in the process, breached the peace by yelling and threatening Plaintiffs, cutting a locked farm gate, and spilling hydraulic fluid on Plaintiffs' property. *Id.* at 12 ¶¶ 42-43. Plaintiffs filed suit in February 2015 against USAA in state court, alleging violations of several federal consumer protection statutes. *Id.* at 10 ¶ 36. USAA removed the case to federal court, and requested that the case be stayed pending arbitration. *Id.* at 10 ¶¶ 36-37. In October 2015, USAA was granted an arbitration award of $87,626.58 against Plaintiffs, which Plaintiffs tried to appeal. *Id.* at 13 ¶¶ 47-48. Plaintiffs then filed for bankruptcy. *Id.* at 13 ¶ 49.

Plaintiffs seek monetary damages, including treble damages, declaratory relief, and permanent injunctive relief. *Id.* at 14-17. Specifically, Plaintiffs seek dismissal of [Loney v. USAA Fed. Sav. Bank, No. 1:15-CV-292, 2016 WL 3822518, at *1 (M.D.N.C. July 13, 2016)] for lack of jurisdiction, dismissal of the bankruptcy case, and that the court "release judgment award" and "enter judgment vacating all orders and motions brought before the inferior court of no record." *Id.* Additionally, Plaintiffs seek an order from the court determining "that all orders submitted by the [Magistrate Judge] Webster, [J]udge Jolly, [J]udge Klass and [J]udge Eagles are hereby void and invalid . . . " [DE-10] at 18 ¶ 98.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Plaintiff's sole objection to the M&R is that the magistrate judge lacked jurisdiction to hear any aspect of plaintiff's case. However, this argument is foreclosed by United States v. Raddatz, in which the Supreme Court held that the rules under which district courts may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of any dispositive motion,]" 28 U.S.C. § 636, are indeed constitutional. 447 U.S. 667, 681–82 (1980). Therefore, where the magistrate judge acted within the scope of authorization under 28 U.S.C. § 636, plaintiffs' argument that the magistrate judge lacked jurisdiction to issue the M&R or otherwise hear any aspect plaintiffs' case is without merit. See Raddatz, 447 U.S. at 681–82.

The remaining portions of plaintiffs' objections are non-responsive to the factual and legal

determinations set forth in the M&R. Specifically, where plaintiffs refer to themselves as "the court," purport to issue orders to the magistrate judge, and, indeed, purport to hold the magistrate judge in contempt of court, (see DE 19 ¶¶ 69–78), it is evident that plaintiffs are attempting to advance arguments grounded in "sovereign citizen" theories rejected as frivolous by the Fourth Circuit and other courts. See United States v. Stone, 866 F.3d 219, 223 n.1 (4th Cir. 2017) (citing El v. AmeriCredit Financial Servs., Inc., 710 F.3d 748, 750 (7th Cir. 2013) (describing the "sovereign citizens movement"). In this manner, plaintiffs advance no substantive objection to the magistrate judge's determination that this court cannot, as plaintiffs request, vacate or alter decisions rendered by other district courts or award damages premised upon such orders. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court.") (emphasis added); Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) ("[I]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected.") (emphasis added). Accordingly, plaintiffs' objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations[,]" see Orpiano v. Johnson, 687 F.2d at 47, and upon careful review of the record, the court finds no clear error in the M&R. See Diamond, 416 F.3d at 315. Therefore, plaintiffs' case is dismissed.

## CONCLUSION

For the foregoing reasons, the court ADOPTS in full the recommendation and analysis in the M&R, (DE 17), and the case is DISMISSED. The clerk is DIRECTED to STRIKE plaintiffs' filings at DE 18 and DE 20, return same to plaintiffs via U.S. mail, and close this case.

SO ORDERED, this the 26th day of October, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge